CURTIS LANDRY, JR., d/b/a ) 
LANDRY AND ASSOCIATES, )
                    )    **Rutherford Circuit**
       **Plaintiff/Appellee,** )    **No. 36960**
                    )
**VS.** )
                    )    **Appeal No.**
**JOHN DANIEL RUDD,** )    **01A01-9707-CV-00303**
                    )
       **Defendant/Appellant.** )

**FILED**

February 20, 1998

Cecil W. Crowson
Appellate Court Clerk

## IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

## APPEAL FROM CIRCUIT COURT OF RUTHERFORD COUNTY
## AT MURFREESBORO, TENNESSEE

## HONORABLE ROBERT E. CORLEW, JUDGE

Stephen W. Pate
218 West Main Street
Suite One
Murfreesboro, TN 37130
ATTORNEY FOR PLAINTIFF/APPELLEE

William Kennerly Burger
301 North Spring Street
Murfreesboro, TN 37133-0398
ATTORNEY FOR DEFENDANT/APPELLANT

## AFFIRMED AND REMANDED.

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
BEN H. CANTRELL, JUDGE

CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

CURTIS LANDRY, JR., d/b/a )
LANDRY AND ASSOCIATES, )
                                     )      **Rutherford Circuit**
        **Plaintiff/Appellee,**       )      **No. 36960**
                                       )
**VS.**                                    )
                                     )      **Appeal No.**
**JOHN DANIEL RUDD,**            )      **01A01-9707-CV-00303**
                                     )
        **Defendant/Appellant.**     )

# O P I N I O N

The defendant, John Daniel Rudd, has appealed from a judgment of the Trial Court allowing the enrollment of two foreign judgments, both in favor of the plaintiff, John Landry and against the defendant.

The sole issue on appeal is stated by appellant as follows:

> Did the trial court properly enter judgment on the pleadings, with no factual consideration of the affirmative defenses of release and accord and satisfaction?

The record has been searched without finding a motion for judgment on the pleadings or a judgment on the pleadings.

The judgment from which this appeal is prosecuted states:

> This cause came to be heard on the 13th day of December, 1996, before the Honorable Robert E. Corlew III, Judge of the Circuit Court for Rutherford County, Tennessee, upon filing of two foreign judgments in favor of Curtis L. Landry, Jr. d/b/a Landry and Associates against John Daniel Rudd, an affidavit by counsel for plaintiffs as required by TCA 26-6-101(a), personal service of process on the defendant, John Daniel Rudd on August 1, 1996, answer and objection to authentication by the defendant, reply to answer and objection to authentication by the plaintiff, response to plaintiff's reply filed by the defendant, argument of counsel for both parties and the entire record, from all of which the court is of the opinion that the defendant's objection to authentication on the basis of the release and accord and satisfaction are not well taken and should therefore be denied, but plaintiff's affidavit in support of the two foreign judgments is deficient, as it fails to contain a certificate of

authentication (exemplification), and with plaintiff given twenty days to correct said deficiency.

It is, therefore, **ORDERED, ADJUDGED** and **DECREED** that defendant's answer and objection to authentication is hereby denied, and plaintiff's affidavit in support of the filing of foreign judgments against the defendant shall be supplemented by the filing of a certificate of authentication (exemplification) within twenty days of the entry of this order, before execution may issue in favor of plaintiff against the defendant in satisfaction of the two foreign judgments.

Proper authentication of the foreign judgments was filed and is not questioned on appeal.

Appellant contends that the Trial Court erred in overruling his objections to the enforcement of the foreign judgments on grounds that they were improperly entered by the foreign court because the right of action upon which the foreign suits was brought had been satisfied by argument of the parties as evidenced by the order of the Tennessee Court.

On July 19, 1996, plaintiff filed with the Trial Clerk copies of the two foreign judgments with an affidavit stating:

I, Stephen W. Pate, attorney for the above named plaintiff, Curtis L. Landry, Jr., d/b/a/ Landry and Associates, after being first duly sworn according to law, make oath and affirm that on the date of the filing of the two (2) foreign judgments, both of which are attached hereto, the names and addresses of the judgment debtor and judgment creditor, as required by TCA 26-5-105(a) are as follows.

Attached to said affidavit were copies of two foreign judgments rendered on January 16, 1996, and April 16, 1996, respectively.

On October 10, 1996, defendant filed an answer attaching a copy of an order entered by the Tennessee Trial Court in a previous case styled *Curtis L. Landry, Jr. v. John Mitchell Byrnes and Daniel Rudd.* Said answer stated the following defense:

-3-

2.    JOHN DANIEL RUDD states that the judgments offered for enforcement are purportedly based on a contract entered in the state of Tennessee on February 24, 1992, for services to be performed entirely within the state of Tennessee.  Defendant RUDD was sued in the state of Louisiana in November, 1994, and mistakenly filed a pro se answer, entering a general appearance in Louisiana, on November 3, 1994, thereby inadvertently waiving the jurisdictional defenses which would have been otherwise available to him since there were no in personam contacts with the state of Louisiana.  A summary judgment motion was filed by Plaintiff LANDRY on November 29, 1994.  Defendant RUDD thereafter employed Louisiana counsel who represented him at the summary judgment hearing in February of 1995.  Defendant RUDD prevailed in the summary judgment matter, and the Louisiana case thereafter became dormant, with no further activity, other than nominal settlement discussions, during the spring of 1995.

During the same general time frame, Plaintiff LANDRY filed against Defendant JOHN DANIEL RUDD and a co-defendant (John Mitchell Byrnes), a personal injury action in Rutherford Circuit civil action number 34914, which was filed April 24, 1995.  Defendants RUDD and Byrnes answered the personal injury tort claim on June 12, 1995, and affirmatively asserted the entitlement, based upon the frivolous nature of the case, to Rule 11 sanctions, including all attorney's fees and court costs.  During the summer of 1995, Plaintiff LANDRY appeared in proceedings in Rutherford County.  As a consequence of those appearances and discussions, the parties resolved all issues in dispute among the parties.  An "Agreed Order of Dismissal", signed by Plaintiff "CURTIS L. LANDRY, Jr.", was filed in Rutherford Circuit civil action number 34914 on August 16, 1995.  That agreed order, a copy of which is attached hereto and incorporated herein by reference, contains the following unqualified, unlimited, and unconditional release wording, which acknowledged that "all" matters of controversy existing between the parties would be compromised and settled:

> ". . . It appears to the Court that all matters in controversy by and between these parties have been compromised and settled, and that this case should be dismissed with prejudice."

3.    As of the date of the filing of that agreed order of dismissal, the Plaintiff LANDRY had failed to obtain the relief requested in his summary judgment motion argued earlier in the year in February, 1995.  The Louisiana case has remained dormant for several months, with no efforts by Plaintiff LANDRY to re-docket the matter.  At the time of the entry of the agreed order of dismissal, LANDRY was aware that Defendant RUDD was asserting a separate claim against

him for the filing of a frivolous lawsuit in Tennessee. No sums were paid by RUDD to LANDRY, including court costs. Accordingly, Defendant RUDD asserts that the later reduction to judgment of the Louisiana claim (in August, 1996) is ineffectual, and was fraudulently procured in contravention of the terms of the agreement of the parties to resolve "all matters of controversy" existing between them, by the entry of the agreed order in the Tennessee action. Defendant RUDD otherwise would have never surrendered his claim for unjustifiable litigation or abuse of process, which, although not specifically identified in the agreed order of dismissal, was resolved and released under the terms of the inclusive order.

4. Accordingly, Defendant asserts that the matter may not be enforced on grounds that it has been released and compromised.

Attached to the quoted pleading was a copy of an order of the Tennessee court in a previous case reading as follows:

Curtis L. Landry, Jr.,

    Plaintiff,

VS.                     Case No. 34914

John Mitchell Byrnes and

J. Daniel Rudd,

    Defendants.

<u>AGREED ORDER OF DISMISSAL</u>

As evidenced by the signature hereon of the Plaintiff and the signature hereon of the attorney representing the Defendants, it appears to the Court that all matters in controversy by and between these parties have been compromised and settled and that this case should be dismissed with prejudice. By signing this Order, the Plaintiff specifically acknowledges that this is a complete and final dismissal of this lawsuit and that he will not have the right to re-file this lawsuit against either Defendant in any Court.

*IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED* that this cause be, and the same is, hereby dismissed with prejudice.

On October 16, 1996, plaintiff filed a "Reply to Answer and Objection to Authentication" stating:

1.	Plaintiff avers the defenses of release and accord and satisfaction are not applicable, as no payment or consideration has been made or offered by the defendant to plaintiff in this civil action, nor has there been any release or order executed by the party pertaining to the civil action in controversy.

- - - -

Plaintiff avers that on April 24, 1995, he filed a separate civil action in Rutherford County, Tennessee (#34914), against defendant and a co-defendant, John Mitchell Byrnes, for personal injuries rising out of a motorcycle accident which occurred on defendant's property in Rutherford County, Tennessee. Plaintiff admits that all issues between the respective parties in civil action #34914 were resolved, and an agreed order of dismissal was entered. The agreed order of dismissal, a copy of which being attached hereto, contains the following determinant language:

> As evidenced by the signatures hereon of the Plaintiff and the signature hereon of the attorney representing the Defendants, it appears to the court that all matters in controversy by and between *these parties* have been compromised and settled and that this case should be dismissed with prejudice. By signing this Order, the Plaintiff specifically acknowledges that this is a complete and final dismissal *of this lawsuit* and that he will not have the right to re-file this lawsuit against either Defendant in any Court. (Italics ours)

Plaintiff submits by the clear and plain language of the fact of the agreed order of dismissal, this order only dismissed the suit in controversy between the named parties and no other litigation between these parties.

On December 11, 1996, defendant filed "Defendant's Response to Plaintiff's Reply" stating:

> Plaintiff LANDRY sued Defendant RUDD in the state of Louisiana, although RUDD never physically appeared in Louisiana, on the basis of a breach of contract, with that complaint having been filed in Louisiana on or about December 1, 1994, alleging breach of a "consulting agreement" executed by the parties within the state of Tennessee on February 24, 1994.

> Later, on April 24, 1995, LANDRY filed a frivolous personal injury tort action in Rutherford County, Tennessee in case number 34914 against Defendant RUDD and a Co-Defendant, Dr. John M. Brynes, arising out of his injury while riding a motorcycle on Defendant's property in Rutherford County, Tennessee. The file attachments reflect that DR. RUDD initially attempted to act pro se in Louisiana and

-6-

unfortunately made a general appearance. Subsequently, on August 15, 1995, following various activities in both forums, Plaintiff LANDRY and the Defendants in Rutherford Circuit case number 34914 entered an "Agreed Order of Dismissal" which included the following:

> " . . . All matters in controversy by and between these parties have been compromised and settled . . . ."

4. Defendant RUDD asserts that LANDRY'S execution of that instrument with RUDD constitutes exactly what the order says: A resolution of "all matters in controversy". It is true that, subsequent to that date, LANDRY persisted (or attempted to persist) in pursuing his Louisiana litigation.

The judgment of the Trial Court is quoted above.

TCA Title 26, Chapter 6 is entitled "Enforcement of Foreign Judgments." Section 26-6-106 of said chapter reads as follows:

> **Appeal or stay of judgment.** - (a) If the judgment debtor shows the court of this state that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated.
>
> (b) If the judgment debtor shows the court of this state any ground upon which enforcement of a judgment of any court of this state would be stayed, the court shall stay enforcement of the foreign judgment for an appropriate period.

Subsection (b) of the quoted statute requires the Tennessee court to stay, the enforcement of foreign judgments in this state "for an appropriate period upon any ground upon which a Tennessee judgment would be stayed."

The voluminous pleading recited above demonstrates the following:

1. "On or about December 1, 1994," Curtis L. Landry sued John Daniel Rudd in the foreign court for breach of a contract executed on February 24, 1994.

2.	On April 24, 1995, Curtis L. Landry sued John Mitchell Byrnes and J. Daniel Rudd in the Tennessee Court in a "personal tort claim; and, on August 16, 1995, an "Agreed Order of Dismissal" was entered in the Tennessee court reciting that "all matters in controversy by and between these parties have been compromised and settled, and that this case should be dismissed with prejudice," and ordering that "this cause be dismissed with prejudice."

3.	John Daniel Rudd filed an answer, personally appeared before the foreign court and subsequently employed counsel to represent him before the foreign court.

4.	The two foreign judgments were entered on January 16, 1996, and April 16, 1996, respectively.

5.	The December 30, 1996, judgment of the Tennessee court states merely that:

> "The defendant's objection to authentication on the
> basis of accord and satisfaction are not well taken."
> - - - -
> It is therefore ordered --- that defendant's answer and
> objection to authentication is hereby denied.

Although the expression, "judgment on the pleadings" does not appear in the pleadings or judgment, it may be said that the effect of the judgment of the Trial Court was that of a judgment on the pleadings as authorized by TRCP 12.03 because the answer of defendant admitted the material allegations of the complaint and did not assert an effective defense.

Said rule reads as follows:

> **Motion for Judgment on the Pleadings**. - After the
> pleadings are closed but within such time as not to delay the
> trial, any party may move for judgment on the pleadings. If,
> on a motion for judgment on the pleadings, matters outside
> the pleadings are presented to and not excluded by the court,
> the motion shall be treated as one for summary judgment and
> disposed of as provided in Rule 56, and all parties shall be

given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

It may be said with equal reason that the "judgment on the pleadings" should be treated as a summary judgment.

From a review of the entire record, this Court concludes that the result reached by the Trial Court was correct because the appellant had adequate opportunity to present to the foreign court his defense of accord and satisfaction of the claim asserted in the foreign court, that he failed to present such defense to the foreign court, and that his failure to do so constituted a waiver of such defense.

Stated otherwise, defendant is not entitled to a second opportunity to present his defense, or the judgment of the foreign court is res judicata as to such defense.

Moreover, this Court is of the opinion that, under the facts, and circumstances reflected by this record, the settlement and satisfaction of a tort claim against two defendants did not satisfy a contract claim against one of the defendants in the tort case.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the defendant and his surety. The cause is remanded to the Trial Court for enforcement of its judgment.

**AFFIRMED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

CONCUR IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

CURTIS L. LANDRY, JR. d/b/a )
LANDRY AND ASSOCIATES, )   **Rutherford Circuit**
)   **No. 36960**
Plaintiff/Appellee. )
)
VS. )   **Appeal No.**
)   **01A01-9707-CV-00303**
JOHN DANIEL RUDD, )
)
Defendant/Appellant. )

**O R D E R**

FILED

**March 6, 1998**

**Cecil W. Crowson
Appellate Court Clerk**

The defendant/appellant has filed a respectful petition to rehear which has been duly considered and which is respectfully denied.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE